WENDELL E. PRESCOTT v. WRENN BROTHERS, INC., AND LAKE SHORE
REALTY COMPANY, INC.

(Filed 20 January, 1967.)

APPEAL by defendant Lake Shore Realty Company, Inc., from *McKinnon, J.,* June, 1966 Session, COLUMBUS Superior Court.

The plaintiff instituted this civil action to recover five per cent commissions for developing and selling a described tract of land in Columbus County. According to the allegations of the complaint, in 1961 the plaintiff and Wrenn Brothers Realty Company negotiated for the purchase of a described tract of land to be developed and sold for residential and recreational purposes. The parties agreed that the plaintiff would handle the sales and receive five per cent commission. They organized Lake Shore Realty Company, Inc., and conveyed the lands to that corporation. Wrenn Brothers received 75 per cent and the plaintiff 25 per cent of the stock in the corporation. Plaintiff was made sales manager of the corporation without salary other than the agreement that he should receive five per cent commission on sales. He further alleged he negotiated, or was responsible for negotiating a sale to L. R. Bowers for a part of the company lands at a price of $150,000.00. The plaintiff alleged he had done development work on the property sold to Bowers; and that he had interested Elwood Martin, who in turn contacted Bowers, and that both together actually bought the land. But for plaintiff's efforts, the sale would not have been made. The plaintiff demanded $7,500.00 commission. The defendants refused to pay and plaintiff instituted this action.

The defendants, by answer, alleged that Wrenn Brothers took title to the land for the purpose of holding it until Lake Shore Realty Company, Inc., could be organized. Thereafter they conveyed to the corporation.

The other material allegations of the complaint were denied. especially that the plaintiff negotiated the sale to Bowers or was entitled to recover any commission on that sale.

Both parties offered evidence, at the close of which the court allowed the motion for nonsuit as to Wrenn Brothers Realty Company and denied the motion as to Lake Shore Realty Company, Inc. The court submitted issues which the jury answered as here indicated:

"(1)   Was there a contract for commissions between plaintiff and the defendant Lake Shore Realty Company, Inc., as alleged in the complaint?

ANSWER:   Yes.

"(2)  If so, what amount, if any, is the plaintiff entitled to recover of the defendant?
    ANSWER:  $7,500.00."

From a judgment in accordance with the verdict, the Lake Shore Realty Company, Inc., appealed.

*L. T. Dark, Jr., J. B. Eure, D. F. McGougan, Jr., by D. F. Mc-Gougan, Jr., and J. B. Eure for Lake Shore Realty Company, Inc., defendant appellant.*
*Williamson & Walton for plaintiff appellee.*

PER CURIAM. According to the plaintiff's allegations and the evidence in its light most favorable to him, the plaintiff and the Wrenn Brothers Realty Company were the only stockholders in the Lake Shore Realty Company corporation, the owner of the tract of land involved. The plaintiff was sales manager. For his services as such in the development and in the sale he was to receive five per cent commission. This was his sole compensation. He did development work, including road construction, and contacted Elwood Martin as a prospective purchaser who, in turn, contacted Bowers who made the contract to purchase with one of the Wrenn Brothers.

Appellant denied that the plaintiff had any contract for commissions or that he was instrumental in promoting the sale to Bowers. The controversy, therefore, involves the questions of fact: (1) Was there a contract as alleged, and (2) if so, what amount, if any, is the plaintiff entitled to recover under it? The jury found both issues for the plaintiff. The court entered judgment for the amount the jury found to be due.

The controversy, stripped of its nonessentials, involved the contract and its breach. The sale to Bowers of company land for $150,000.00 was stipulated. The factual dispute was resolved by the jury. Objection to the charge and to the introduction of testimony do not present any question of law stated in a manner prejudicial to the appellant.

In the trial and judgment, we find

No error.